IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
CLIFTON BELL,

        Plaintiff,
                                    CIVIL ACTION NO.
v.                                  1:10-cv-1117-JEC

METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY, CHIEF WANDA
DUNHAM, Personally, ASSISTANT
CHIEF JOSEPH DORSEY,
Personally, and A, B, and C,
Being Those Persons, Firms, or
Entities Presently Unknown to
Plaintiff,

        Defendants.
```

### ORDER AND OPINION

This case is before the Court on plaintiff's Motion for Relief from the Court's Summary Judgment Order and for Sanctions [111] and plaintiff's Expedited Motion to Supplement [117]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Relief and for Sanctions [111] should be **DENIED** and his Motion to Supplement [117] should be **GRANTED as unopposed.**

### BACKGROUND

The Court described the facts underlying this case in detail in its previous summary judgment order [97]. Briefly, plaintiff

resigned from his position with the MARTA police department after he was charged with four rules violations pertaining to false or incomplete testimony and unauthorized written communications. (Order [97] at 7-9.)  The charges were made at the conclusion of an internal investigation concerning purchases made on a Best Buy account that plaintiff opened.  (*Id.* at 2-9.)  The investigators found that plaintiff had opened the account without the proper authority, and that he had not been entirely truthful during the subsequent investigation.  (*Id.* at 7-8.)  Plaintiff was given the option of resignation or termination.  (*Id.* at 8.)  He chose to resign in lieu of termination.  (*Id.* at 9 and Resignation Letter [25] at Ex. C.)

Following his resignation, plaintiff made an Open Records Act request for copies of his personnel file, internal affairs file, and field file.  (Order [97] at 9.)  After reviewing the requested records, plaintiff asked MARTA to remove a disciplinary action form and draft termination letter from his files.  (*Id*.)  According to plaintiff, those records were inconsistent with the fact that he had resigned as opposed to being terminated.  (*Id*.)  MARTA refused plaintiff's request in a letter indicating that its records "clearly reflect that [plaintiff] resigned [his] employment with the MARTA Police Department . . . in lieu of termination." (*Id*.)  MARTA also denied plaintiff's requests for reinstatement and a name-clearing hearing.  (*Id*. at 10.)

2

AO 72A
(Rev.8/82)

Plaintiff subsequently filed this action, asserting claims under § 1983 for constructive discharge and alleged due process violations arising out of MARTA's publication of the investigation materials. (Order [35] and Compl. [37] at ¶¶ 140-201.) Plaintiff also asserted various state law claims. (*Id.*) On defendant's motion, the Court granted summary judgment on plaintiff's federal claims on several alternative grounds. (Order [97] at 13-29.) First, the Court found no evidence to support either a due process violation or a constructive discharge. (*Id.* at 13-24.) The Court then held that all of the federal claims were barred by the statute of limitations. (*Id.* at 24-29.) Having dismissed plaintiff's federal claims, the Court declined to exercise supplemental jurisdiction over the remaining state claims. (*Id.* at 29-30.)

Plaintiff appealed the Court's summary judgment order to the Eleventh Circuit. (Notice of Appeal [100].) The Eleventh Circuit affirmed, agreeing with this Court that all of plaintiff's federal claims were barred by the statute of limitations and declining to reach the alternative grounds for summary judgment. (USCA Opinion [110] at 7.) Plaintiff has now filed a motion for relief from the Court's summary judgment order and for sanctions, and a related motion to supplement his original submission. (Pl.'s Mot. for Relief from the Court's Summ. J. Order and for Sanctions [111] and Pl.'s Mot. to Supplement [117].) As the motion to supplement is unopposed,

3

the Court **GRANTS** the motion and has considered the supplemental material in ruling on the underlying substantive motion.

### DISCUSSION

Plaintiff seeks relief from the Court's summary judgment order under Federal Rule 60(b)(3) or (4).  (Pl.'s Mot. for Relief [11].) Rule 60(b)(3) provides for relief from a final judgment or order on account of "fraud . . . misrepresentation, or misconduct by an opposing party."  FED. R. CIV. P. 60(b)(3).  To prevail on a Rule 60(b)(3) motion, the movant must prove by "clear and convincing evidence" that the opposing party obtained a judgment "through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).  Rule 60(b)(4) provides an even more limited avenue for relief from a judgment that is "void."  FED. R. CIV. P. 60(b)(4).  A judgment is only "void" for purposes of Rule 60(b)(4) if it was rendered without jurisdiction or in a manner inconsistent with due process of law. *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001).

The basis of plaintiff's motion is a memo that he obtained in April, 2013 through an Open Records Act request to the Georgia Peace Officer Standards and Training Council ("P.O.S.T.").  (Pl.'s Mot. [111] at 3.)  The memo is authored by Sergeant S. Reynolds, Internal Affairs Commander of the MARTA Police Department.  (*Id.* at Ex. 3.)

4

It indicates that plaintiff was terminated on March 2, 2007 for rules violations related to "false testimony" and "written communication." (*Id.*) Plaintiff claims that the memo was fraudulently withheld by defendants during discovery in this case. (*Id.* at 3.) According to plaintiff, the memo raises a question of fact as to whether he was terminated or resigned from his position at MARTA and thus affects the Court's rulings on summary judgment. (*Id.*)

As an initial matter, there is no basis for finding that the judgment rendered against plaintiff is "void" under Rule 60(b)(4). Plaintiff does not challenge the Court's jurisdiction over the case, and the alleged discovery violation did not deprive plaintiff of "notice or the opportunity to be heard." *Pierce v. Kyle*, ___ Fed. App'x ___, 2013 WL 4477856, at *1 (11th Cir. Aug. 22, 2013) (describing the limited circumstances in which Rule 60(b)(4) applies). *See also Oakes,* 259 F.3d at 1319. Neither has plaintiff produced "clear and convincing" evidence of fraud or misconduct by defendants sufficient to support relief under Rule 60(b)(3). *Cox Nuclear Pharmacy, Inc.,* 478 F.3d at 1314. The Reynolds memo is consistent with the draft termination letter in plaintiff's files. However, the memo conflicts with plaintiff's recollection of the last conversation that he had with his superiors concerning resignation in lieu of termination, and with the resignation letter that plaintiff indisputably submitted on March 5, 2007. (Order [97] at 8-9.)

5

Defendants suggest that the memo was not placed or maintained in plaintiff's files, and thus was not produced in discovery, because it did not accurately reflect the fact that plaintiff resigned in lieu of termination. (Defs.' Resp. [112] at 6-7.) There is no evidence to suggest otherwise.

In any case, the contents of the Reynolds memo do not affect the Court's substantive rulings. As the Eleventh Circuit recognized in its opinion, plaintiff's complaint does not explain the nature of his substantive due process claim. (USCA Opinion [110] at 3.) Whatever the alleged basis of that claim, the Reynolds memo does not evidence the violation of a right that is so fundamental as to be "implicit in the concept of ordered liberty." *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir. 1994). As to procedural due process, the memo does not contain an "actionable statement" made in connection with plaintiff's termination that would support such a claim. *See Cotton v. Jackson,* 216 F.3d 1328, 1330 (11th Cir. 2000). Nor does the memo suggest that plaintiff was subjected to intolerable working conditions, as required to prove a constructive discharge. *See Bryant v. Jones,* 575 F.3d 1281, 1298 (11th Cir. 2009).

Finally, the Reynolds memo has no impact whatsoever on the statute of limitations ruling that was upheld by the Eleventh Circuit. The parties agree that all of plaintiff's federal claims are subject to the two-year limitations period set forth in O.C.G.A.

6

AO 72A
(Rev.8/82)

§ 9-3-33.  *See Lovett v. Ray,* 327 F.3d 1181, 1182 (11th Cir. 2003)("'Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.'")(quoting *Uboh v. Reno,* 141 F.3d 1000, 1002 (11th Cir. 1998)).  The limitations period begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Id.* (quoting *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996)).

To the extent that plaintiff raises a substantive due process claim based on a property interest in continued employment with MARTA, he knew all of the relevant facts as to that claim when his employment ended on March 5, 2007.  (USCA Op. [110] at 6.)  Likewise, plaintiff was necessarily aware of any facts that made his working conditions intolerable, so as to support a constructive discharge claim, by the last day of his employment with MARTA.  (*Id.* at 7.)  As to plaintiff's procedural due process claims based on reputational damage and MARTA's failure to provide a name-clearing hearing, plaintiff was aware of facts sufficient to put him on notice of those claims when MARTA responded to his Open Records Act request in January, 2008.  (*Id.* at 6-7.)  Plaintiff did not file this action until April, 2010, well outside of the limitations period.  (Order [97] at 25.)

7

Contrary to plaintiff's argument, his recent discovery of the Reynolds memo does not toll the statute of limitations. As noted, the memo is consistent with the draft termination letter that plaintiff received in response to his original Open Records Act request to MARTA. Although plaintiff only recently gained access to the memo, he was aware of the facts asserted in the memo by January, 2008, at the latest. Accordingly, the memo does not affect this Court or the Eleventh Circuit's statute of limitations rulings.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Relief from the Court's Summary Judgment Order and for Sanctions [111] and **GRANTS as unopposed** plaintiff's Expedited Motion to Supplement [117].

SO ORDERED, this 27th day of February, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)